<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAUL BOERGER t/a<br>    CANBY PARK APARTMENTS, | : | Civil Action No. 04-1337 |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| COMMERCE INSURANCE SERVICES<br>    and VINCENT PANARELLO, | : | |
| | : | |
| Defendants/Cross-Defendants<br>Third-Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MT. HAWLEY INSURANCE COMPANY,<br>    a subsidiary of RLI INSURANCE<br>    GROUP, | : | |
| | : | |
| Third-Party Defendant, | : | |
| | : | |
| AMERICAN MARKETING CENTER, INC.,<br>    a division of CRC INSURANCE<br>    SERVICES, INC., | : | |
| | : | |
| Third-Party Defendant/<br>Cross-Claimant. | : | |

**Appearances:**

    Robin J. Gray, Esquire
    Law Offices of Robin J. Gray, Esquire
    P.O. Box 4322
    Reading, PA 19606
        Attorney for Paul Boerger t/a Canby Park Apartments

Christopher P. Leise, Esquire
Robert E. Campbell, Esquire
White and Williams, LLP
Liberty View, Suite 400
457 Haddonfield Road
Cherry Hill, NJ 08002
    Attorney for Commerce Insurance Services and Vincent Panarello

Michael F. Henry, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
    Attorney for Mt. Hawley Insurance Co., a subsidiary of RLI Insurance Group

**Rodriguez, Senior District Judge:**

This matter comes before the Court on Plaintiff Paul Boerger, t/a Canby Park Apartment's Motion to Amend Plaintiff's Complaint [33], pursuant to Fed. R. Civ. P. 15. Plaintiff seeks to add claims against Mt. Hawley Insurance Co. ("Mt. Hawley") for breach of contract and against Mt. Hawley, Commerce Insurance Services and Vincent Panarello for bad faith. For the reasons discussed below, Plaintiff's motion will be granted in part and denied in part.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff Paul Boerger ("Plaintiff"), owner of Canby Park Apartments ("Canby Park"), originally brought breach of contract and negligence claims against Defendants Commerce Insurance Services ("CIS") and Vincent Panarello ("Panarello") (collectively referred to as "Defendants") on March 31, 2004. See Compl. The claims derive from a December 23, 2002 fire that caused substantial loss to one of the Canby Park buildings. (Compl. ¶ 12.) The property was insured by Mt. Hawley, (Compl. ¶ 11), and procured by Defendants, (Compl. ¶ 10).

Theses issues arose when Plaintiff discovered that the insurance coverage was less than

2

what he believed it to be.  Mt. Hawley's insurance adjuster determined the cost of repair to be approximately $700,000.  (Compl. ¶ 14.)  Plaintiff later received the proof of loss from Mt. Hawley's adjuster, showing the policy limit on the building to be $450,000.  Boerger accepted a "partial claim" from Mt. Hawley on June 12, 2003.  (Mt. Hawley Mot. to Dismiss Third-Party Compl., Exh. J.)  In his original Complaint, Plaintiff sought the difference in the repair costs and amount received from Mt. Hawley.  Defendants filed a third-party complaint against Mt. Hawley on November 18, 2004 for their responsibility in the transaction.

Plaintiff now wishes to add Mt. Hawley as a direct defendant for those claims as well as a claim of bad faith against each defendant.  Plaintiff filed this Motion to Amend on September 20, 2005 claiming that because information was limited at the time of the original filing, it was previously unclear whether Mt. Hawley could be liable for the insurance coverage error that occurred.  Plaintiff claims that at the time the original Complaint was filed, he was under the belief that Defendants provided Mt. Hawley with inaccurate information.  However, Plaintiff has recently come to understand that Mt. Hawley may also be liable for incorrect policy provisions as well as failing to properly adjust the claim.  Plaintiff seeks to add bad faith claims against all Defendants because they were not and are not willing to acknowledge that there are blatant errors between the insurance binder and the insurance policy.

## II. DISCUSSION

Plaintiff argues that his motion to amend should be granted because none of the current or proposed defendants will be prejudiced.  In addition, Plaintiff argues that Mt. Hawley was on notice of his Complaint when Defendants filed the third-party action against it.  Finally, Plaintiff argues that the statute of limitations does not prevent his amendment because the "relation back"

principle allows him to use the filing date of the original Complaint. Defendants join in Plaintiff's motion to amend the Complaint to include claims against Mt. Hawley. Mt. Hawley argues that the motion should be denied as futile because the claims Plaintiff seeks to add are barred by the suit limitation period and are not saved by the "relation back" principle codified in Fed. R. Civ. P. 15.

**A. Policy Suit Limitation Clause**

As an initial matter, the Court must determine whether the one-year or two-year suit limitation periods apply to this litigation. Mt. Hawley argues that the one-year suit limitation period applies because the suit arises as a result of a fire. Although Plaintiff does not explicitly argue that the two-year suit limitations period applies, the Court will assume that the argument is impliedly made.

The New Jersey Supreme Court has "routinely upheld contract provisions that create a one-year time limitation in which claimants may bring suit." Eagle Fire Prot. Corp. v. First Indem. of America Ins. Co., 678 A.2d 699, 704 (N.J. 1996). In addition, even if Delaware law were to apply, the Delaware Supreme Court has held that "a one-year period of limitation of suit contained in an insurance policy is reasonable and binding upon the insured." Ottendorfer v. Aetna Ins. Co., 231 A.2d 263, 265 (Del. 1967).

There are two different suit limitation periods potentially applicable to this case. The first is located in section D of the "Commercial Property Conditions," which states that no legal action may be brought against the provider unless, inter alia, "the action is brought within two (sic) years after the date on which the direct physical loss or damage occurred." (Mt. Hawley Mot. to Dismiss, Exh. F.) The second is located in the "Suit" section of the "Standard Fire

Provisions," which provides that no suit or action on the policy for recovery of a claim will be sustainable in a court of law or equity, if action is not commenced withing twelve months after inception of the loss. Because this action arises as a result of a fire at a covered building, and because the courts of New Jersey and Delaware have held one-year suit limitation periods reasonable and binding, the Court finds that the one-year suit limitation period applies to the issues before the Court.

**B. Amending the Pleadings Under Fed. R. Civ. P. 15(a)**

Federal Rule of Civil Procedure 15 ("Rule 15") encourages and provides for a liberal policy for amending pleadings. Under Rule 15(a), leave to amend pleadings "shall be freely given when justice so requires." In Froman v. Davis, the Supreme court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or undeclared reasons–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

372 U.S. 178, 182 (1962); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). The Third Circuit has elaborated on the proper analysis to apply:

> The trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is the "touchstone for the denial of leave to amend." . . . In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.

Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, 663 F.2d 419, 425 (3d

Cir. 1981) (citing Cornell & Co. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978); see also Bechtel v. Robinson, 886 F.2d 644, 652 (3d. Cir. 1989).

Although courts place a heavy burden on opponents of motions to amend, it is well established that the futility of amendment is one of the factors that may be considered by the Court in denying a motion to amend. Froman, 371 U.S. at 182; see also Fed. Deposit Ins. Corp. v. Bathgate, 27 F.3d 850, 874 (3d Cir. 1994); Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1203 (3d Cir. 1989). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane, 213 F.3d at 115. In assessing futility, a district court must apply the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6). Id. (citing 3 Moore's Federal Practice, ¶ 15.15[3], at 15-47 to -48 (3d ed. 2000)).[1] Thus, if the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. If a proposed amendment is not clearly futile, then denial of leave to amend is improper." Wright, Miller & Kane, Federal Practice and Procedure § 1487 at 637-642 (2d ed. 1990) (footnote omitted).[2] Finally, the Third Circuit has held that an amendment is futile when the claims asserted by the plaintiffs are time-barred under the state of limitations. In re NAHC, Inc., Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

---

[1] In addition, the court is "not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1425 (3d Cir. 1997).

[2] To demonstrate that a claim is "legally insufficient on its face," and that it could not withstand a motion to dismiss, the opposing party must be able to demonstrate that "it appears beyond doubt that the [party] can prove no set of facts in support of [the] claim which would entitle [the party] to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**1. Adding Mt. Hawley as Direct Defendant**

Mt. Hawley challenges Plaintiff's motion to amend on the basis that the action is futile because the claims are time-barred by the one-year suit limitation under the fire policy. Plaintiff suffered a loss from the fire on December 23, 2002. He asserted a direct claim against Mt. Hawley for the first time September 20, 2005, the date of his motion to amend. This represents a lapse of time of approximately two years and nine months. Therefore, it is clear that Plaintiff failed to file suit against Mt. Hawley within the one-year suit limitation period.[3] Accordingly, Plaintiff's motion to amend the complaint should be denied as futile, unless the suit limitations has been tolled.

There are two methods that would allow Plaintiff to claim that the filing of his original complaint tolled the suit limitation period. The first is under Fed. R. Civ. P. 14(a), which applies when a defendant has filed a third-party complaint against the party the plaintiff seeks to add. The second is under Fed. R. Civ. P. 15(c), which allows the plaintiff to add a defendant or a claim upon satisfaction of certain requirements. Both situations are implicated here.

**a. Bringing a Direct Claim Under Fed. R. Civ. P. 14(a)**

Fed. R. Civ. 14(a) states, in pertinent part, that:

> The Plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert any defenses as provided in Rule 12 and any counterclaims and cross-claims as provided in Rule 13.

Fed. R. Civ. P. 14(a) (2000) ("Rule 14(a)"). The joinder of a third-party defendant in and of

---

[3]It should also be noted that Plaintiff also failed to bring his suit against Mt. Hawley within even the two-year suit limitation period.

itself does not assert a claim by the plaintiff against the third-party defendant, but is merely an assertion of a right by the original defendant against someone not a party to the action.  Frankel v. Back, 37 F.R.D. 545, 547 (E.D.Pa. 1965).  In Frankel, the district court found that it was "well established that the filing of a third party complaint by the original defendant does not toll the running of the Statute of Limitations on a cause of action between the plaintiff and the third party defendant." Id. (citing Hankinson v. Pennsylvania R.R. Co., 160 F. Supp. 709 (E.D.Pa. 1958)).

Mt. Hawley contends that Plaintiff could have filed direct claims without leave of the Court when the third-party amended complaint was filed in November 2004.  At that time, Plaintiff would have been within the two-year suit limitation of the commercial property policy.  However, at the present time, both suit limitation periods have expired and because joinder of a third-party defendant does not toll the suit limitations period, Rule 14(a) does not operate to effectuate Plaintiff's goal.

### b.  Relating Back to Original Complaint Under Fed R. Civ. Pro. 15(c)

Fed. R. Civ. P. 15(c) provides three different scenarios where relation back will permit a plaintiff to overcome an expired statute of limitation.  Mt. Hawley contends that none of the provisions in Rule 15(c) are applicable in this case. Mt. Hawley argues that Rule 15(c)(1) and (2) govern the situation where a party seeks to amend its pleading to add additional claims against an existing defendant.  Mt. Hawley suggests that these provisions are not applicable to this case because Plaintiff is trying to add a new party to the suit.  Moreover, Mt. Hawley argues that Rule 15(c)(3) only applies where a party is changed or added due to a technicality or deficient original complaint.  Each provision will be taken in turn.

### 1. Fed. R. Civ. P. 15(c)(1)

Fed. R. Civ. P. 15(c)(1) provides that relation back is proper when "[it] is permitted by the law that provides the statute of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1) (1993) ("Rule 15(c)(1)"). Here, the suit limitation period, rather than the statute of limitation under state law, governs the situation facing the Court. The suit limitation period in the insurance policy does not have any language regarding relation back. Therefore, Rule 15(c)(1) is not applicable.

### 2. Fed. R. Civ. P. 15(c)(2)

Fed. R. Civ. P. 15(c)(2) provides that relation back is proper when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2) (1993) ("Rule 15(c)(2)"). The Third Circuit has held that Rule 15(c)(2) only applies to amendments asserting new claims or defenses against an existing defendant. Green v. Robinson, 112 F.App'x 165, 168 (3d Cir. 2004). Mt. Hawley is not an existing defendant because Plaintiff does not have, currently, any claims against it. Therefore, relation back under Rule 15(c)(2) is not proper.

### 3. Fed. R. Civ. P. 15(c)(3)

Fed. R. Civ. P. 15(c)(3) provides that relation back is proper when:

> the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3) (1993) ("Rule 15(c)(3)").

The Third Circuit has held that when a proposed amendment changes "the party or the naming of the party against whom [the] claim is asserted," Rule 15(c)(3) must be satisfied.. Garvin v. City of Phila., 354 F.3d 215, 222 (3d Cir. 2003); see also Green, 112 F.App'x at 168 (holding that "Rule15(c)(3) applies to amendments which add claims against a new party"). To determine if a party is a "new party," the Court must consider whether the party had timely notice of the original complaint and was an intended defendant of the original complaint. Id. at 169. The Third Circuit has held that where a party is neither named in the complaint nor named as a "John Doe" defendant, and has no reason to know he is an intended party, the relation back inquiry is governed under the new party standard of Rule 15(c)(3).[4]

Here, there is no question as to whether Plaintiff was aware of Mt. Hawley's identity because he had been in contact with Mt. Hawley after the fire, as evidenced by the "partial claim" dated June 12, 2003.  Yet, Plaintiff did not seek to file a claim against Mt. Hawley until September 20, 2005, the date it filed the motion to amend, and more than two years after learning that there was an issue with the insurance coverage.  It is reasonable to believe that Mt. Hawley was not on notice that it was an "intended defendant" of the original Complaint, because Plaintiff

---

[4]The Third Circuit has held that a party may be on either actual or constructive notice. Garvin, 354 F.3d at 223.  Constructive notice can be imputed under two circumstances: (1) the "shared attorney" method; and (2) the "identity of interests" method.  Id.  "The relevant inquiry under [the shared attorney] method is whether notice of the institution of this action can be imputed to [the defendant sought to be named] within the relevant 120 day period . . . by virtue of representation [he] shared with a defendant originally named in the lawsuit."  Id.  Under the identity of interests method, the Court will "impute notice if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation."  Id.  Neither Plaintiff nor Defendants argue that either of these methods apply to this case.  Therefore, the Court finds that there is no constructive notice of the suit imputable to Mt. Hawley.

did not file a direct claim against Mt. Hawley during that period. Therefore, the Court finds that Mt. Hawley is a "new party" for purposes of Rule 15(c)(3). Accordingly, Plaintiff must satisfy the requirements of Rule 15(c)(3) in order to be successful.

Rule 15(c)(3) requires that: (1) the claim against the newly named party have arisen "out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading"; (2) the party receive such notice that the party will not be prejudiced in maintaining a defense on the merits, and (3) the party knew or should have known that "but for a mistake" by Plaintiff, "the action would have been brought against [the newly named party]. Singletary v. Penn. Dept. of Corr., 266 F.3d 186, 193-94 (3d Cir. 2001) (citing Fed. R. Civ. P. 15(c)(3), 15(c)(3)(A), 15(c)(3)(B). Moreover, the notice requirements outlined in (2) and (3) above must be met within the 120-day period provided by Fed. R. Civ. P. 4(m). Id. Notice may be deemed to have occurred when a party, having some reason to expect its potential involvement as a defendant, hears of the commencement of the action through either formal or informal means. Id. at 195.

The parties do not dispute that the additional claims against Mt. Hawley arise out of the conduct, transaction or occurrence in the original complaint. Where the parties do disagree is whether Mt. Hawley received timely notice, as required by the remaining two conditions of Rule 15(c)(3). However, Mt. Hawley was not notified, either formally or informally, of its potential involvement as a direct defendant of Plaintiff within the requisite 120 days. Plaintiff claims in his reply brief that Mt. Hawley was on notice of possible direct claims when Defendants filed the third-party complaint against Mt. Hawley. However, the third-party complaint was not filed until November 2004, approximately seven months after the original complaint had been filed and

well beyond the 120-day period provided for under Rule 4(m).

Moreover, Plaintiff knew Mt. Hawley's identity and role in the transaction at issue soon after, if not before, the fire. Plaintiff also was aware that the Defendants had filed a third-party action against Mt. Hawley and yet did not decide to file a direct claim until September 20, 2005. In addition, Plaintiff has not argued that a mistake occurred concerning the identity of Mt. Hawley, as required by Rule 15(c)(3)(B). Therefore, Plaintiff has failed to meet the requirements of Rule 15(c)(3) because Mt. Hawley was not on notice of its potential involvement as a direct defendant within the applicable 120-day time period required under Rule 4(m).[5] Accordingly, Plaintiff's motion to amend the Complaint to add direct claims against Mt. Hawley will be denied.

### 2. Adding Bad Faith Claim Against All Defendants

Plaintiff also seeks to amend the complaint to include bad faith claims against CIS, Panarello and Mt. Hawley. In their brief supporting Plaintiff's motion to amend the complaint, Defendants do not challenge the addition of the bad faith claims against them.

However, even if Defendants had challenged the additional claims, Plaintiff would be allowed to amend the complaint under the liberal standard that leave should be "freely given" barring any prejudice, bad faith or dilatory motives. On the arguments and record presented, the Court is unable to find any prejudice, bad faith or dilatory motives with regard to Plaintiffs

---

[5]Even if the new claims could "relate back" to the filing of the original complaint, the suit limitation would preclude amendment. The building at Canby Park was damaged by fire on December 23, 2002. Under the fire policy provisions, suit or action on the policy must be commenced within 12 months after the loss. Because the original complaint was not filed until March 31, 2004, approximately one year and three months after the loss, the suit would be time barred.

motion to amend as it relates to Defendants.[6]  However, for the reasons stated above, Plaintiff's arguments to amend the complaint to add a claim of bad faith against Mt. Hawley must be rejected.  Accordingly, Plaintiff's motion to amend will be granted in part and denied in part.  As to Defendants, the motion will be granted; as to Mt. Hawley, the motion will be denied.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's motion to amend his original Complaint pursuant to Fed. R. Civ. P. 15 will be granted in part and denied in part.  The motion will be granted in so far as it seeks to add bad faith claims against Defendants CIS and Panarello, but will be denied in so far as it seeks to add Mt. Hawley as a direct defendant.

An appropriate Order will issue this date.

          /S/ Joseph H. Rodriguez
          Joseph H. Rodriguez, U.S.D.J.

Dated: November 28th, 2005

---

[6]Moreover, if Defendants argued that the statute of limitations on the proposed claims had run, the amendment would relate back under 15(c)(2) because the bad faith claim arises out of the "conduct, transaction or occurrence" referred to in the original complaint.