**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAUL BOERGER t/a | : | Hon. Joseph H. Rodriguez |
|    CANBY PARK APARTMENTS, | : | |
| | : | |
|       Plaintiff, | : |                       : |
|    v. | : | Civil Action No. 04-1337 |
| | : | |
| COMMERCE INSURANCE SERVICES | : | |
|    and VINCENT PANARELLO, | : | **OPINION** |
| | : | |
|       Defendants/Cross-Defendants | : | |
|       Third-party Plaintiffs, | : | |
| | : | |
|    v. | : | |
| | : | |
| MT. HAWLEY INSURANCE COMPANY, | : | |
|    a subsidiary of RLI INSURANCE | : | |
|    GROUP, | : | |
| | : | |
|       Third-party Defendant, | : | |
| | : | |
| AMERICAN MARKETING CENTER, INC., | : | |
|    a division of CRC INSURANCE | : | |
|    SERVICES, INC., | : | |
| | : | |
|       Third-party Defendant/ | : | |
|       Cross-Claimant. | : | |

**Appearances:**

      Christopher P. Leise, Esquire
      Robert E. Campbell, Esquire
      White and Williams, LLP
      Liberty View, Suite 400
      457 Haddonfield Road
      Cherry Hill, NJ 08002
           Attorney for Defendants/Cross-Defendants/
           Third-Party Plaintiffs

Michael F. Henry, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Thomas F. Gallagher, Esquire
Cozen O'Connor
457 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
      Attorneys for Third-party Defendant
      Mt. Hawley Insurance Co.

Robyn M. Gnudi, Esquire
St. John & Wayne, L.L.C.
Two Penn Plaza East
Newark, NJ 07105-2249
      Attorney for Third-party Defendant/Cross-Claimant
      American Marketing Center, Inc., a
      division of CRC Insurance Services, Inc.


**Rodriguez, Senior District Judge:**

This matter comes before the Court on Third-party Defendant Mt. Hawley Insurance

Company's Motion to Dismiss [23], pursuant to Fed. R. Civ. P. 12(b)(6). Third-party Defendant

American Marketing Center, Inc., a division of CRC Insurance Services, Inc., joins the Motion

but takes exception to Heading C of Mt. Hawley's Brief. Third-party Defendants have moved for

dismissal of all Counts of Defendants/Third-party Plaintiffs Commerce Insurance Services's and

Vincent Panarello's Amended Third-party Complaint. For the reasons discussed below, Third-

party Defendants' motion will be granted in part and denied in part. Third-party Defendants'

motion with respect to Third-party Plaintiffs' indemnification claim will be granted. Third-party

Defendants' motion with respect to Third-party Plaintiffs' contribution claim will be denied.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Court recently had cause to recount the background facts of this case. They are repeated here to the extent necessary.

> In August 2002, Plaintiff met with Vincent Panarello ("Panarello"), an insurance agent of Commerce Insurance Services ("CIS") to secure commercial property and fire insurance for an apartment complex that he owned, Canby Park Apartments ("Canby Park"). (Cmpl. ¶ 7.) Plaintiff alleges that he informed Panarello that his mortgage company required full replacement cost, a minimum of $700,000.00 per building. (Cmpl. ¶ 8.)
>
> Plaintiff asserts that Panarello researched different insurance companies and verbally assured him that he would be able to provide coverage that would at least meet the requirements of his mortgage company. (Cmpl. ¶ 9.) According to the Complaint, Plaintiff received a written proposal from Panarello setting forth that he would have total coverage of $7,801,700.00, (Cmpl. ¶ 10), and a binder from Mt. Hawley Insurance Company ("Mt. Hawley"), indicating blanket coverage in the amount of $9,374,400.00, (Cmpl. ¶ 11). Plaintiff alleges that he did not receive a copy of the insurance policy at this time. (Cmpl. ¶ 12.)
>
> On December 23, 2002 a fire occurred at one of the structures in Canby Park. (Cmpl. § 12.) Plaintiff states that a Mt. Hawley adjuster inspected the loss, viewed the binder, and informed him that there was sufficient insurance coverage to cover the loss, (Cmpl. ¶ 13), which was approximately $700,000.00, (Cmpl. ¶ 14). Plaintiff alleges that he received letters on December 23, 2002 and December 24, 2002 from Panarello, confirming coverage in the amount of at least $1,000,000.00 per covered loss with no specific building limitation noted. (Cmpl. ¶¶ 19, 20.) Plaintiff asserts that, notwithstanding these letters, Mt. Hawley reported that the actual coverage for the building was $450,650.00, rather than the blanket $1,000,000.00. (Cmpl. ¶¶ 24, 25.) Because Mt. Hawley refused to pay more than the stated value for the property involved, Plaintiff brought suit. (Cmpl. ¶ 34.)

Boerger v. Commerce Ins. Servs., Civ. A. No. 04-1337, 2005 WL 2901903 at *1 (D.N.J. November 1, 2005).

On March 21, 2005, CIS and Panarello (collectively, "Third-party Plaintiffs") filed an

amended third-party complaint against Mt. Hawley and American Marketing Center, Inc.

("American Marketing"), alleging claims of contribution and/or indemnification.  Third-party

Plaintiffs contend that American Marketing presented a package of quotations to CIS for Plaintiff

that consisted of a primary layer of insurance of $1,000,000.00 through Mt. Hawley.  (Cmpl.

¶ 10.)  Third-party Plaintiffs allege that during the course of this process, agents of Mt. Hawley

made "oral representations to Panarello regarding the proposed insurance coverage."  (Cmpl. ¶

14.)

## DISCUSSION

### A.  Standard on Motion to Dismiss

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss a complaint, a court must

accept all well-pleaded allegations in the complaint as true and view them in the light most

favorable to the plaintiff.  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991); Rogin v.

Bensalem Twp., 616 F.2d 680, 685 (3d Cir. 1980).  A court may not dismiss the complaint for

failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46

(1957) (citations omitted); see also D.P. Enters., Inc. v. Bucks County Cmty. Coll., 725 F.2d 943,

944 (3d Cir. 1984).

It is well settled that a pleading is sufficient if it contains "a short and plain statement of

the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal

federal pleading rules, a complaint need not spell out the theory of liability under which the

plaintiff hopes to recover.  See Evans Prods. Co. v. West Am. Ins. Co., 736 F.2d 920, 923 (3d

Cir. 1984).  It is not necessary to plead evidence, and it is not necessary to plead all the facts that

4

serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).

However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth

an intricately detailed description of the asserted basis for relief, they do require that the

pleadings 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon

which it rests.'"  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984)

(quoting Conley, 355 U.S. at 47).

Finally, a court reviewing a Fed. R. Civ. P. 12(b)(6) motion must only consider the facts

alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial

notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d

Cir. 1999); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

However, a "'document integral to or explicitly relied upon in the complaint' may be considered

'without converting the motion to dismiss into one for summary judgment.'"  In re Burlington

Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting Shaw v. Digital Equip.

Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).  The rationale underlying this exception is that the

primary concern with looking to documents outside of the complaint–lack of notice to the

plaintiff–is not at issue "where [the] plaintiff has actual notice . . . and has relied upon these

documents in framing the complaint."  Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).

**B.  Choice of Law**

When sitting in diversity, this Court must apply the forum state's choice of law rule.

Gen. Star. Nat'l Ins. Co. v. Liberty Mut. Ins. Co., 960 F.2d 377, 379 (3d Cir. 1992) (further

citations omitted).  Although the Supreme Court of New Jersey has held that "the law of the

place of the contract will govern the determination of the rights and liabilities of the parties," the

rule will not be applied when the dominant and significant relationship of another state to the

parties and the underlying issues dictate that such a basic rule should yield.  State Farm Mut.

Auto. Ins. Co. v. Simmons Estate, 417 A.2d 488, 493 (N.J. 1980).  The Appellate Division of the

Superior Court of New Jersey held that the state where the property is located and the risk

insured against has a more significant interest in the dispute than the state where the contract is

signed.  Bell v. Merchs. and Businessmen's Mut. Ins. Co., 575 A.2d 878, 881 (N.J. Super. Ct.

App. Div. 1990).

Here, the parties do not disagree as to whether Delaware law should apply to the

resolution of this dispute.  Third-party Plaintiffs acknowledge that "to the extent a dispute in the

law can be found, Delaware law should apply to the construction of the terms of the Mt. Hawley

policy."  Therefore, the Court will apply Delaware law.

## C. Contribution and Indemnification

Third-party Defendants argue that Third-party Plaintiffs have not alleged sufficient facts

to establish a claim for contribution and/or indemnity.  Third-party Plaintiffs argue that a right to

contribution is established by statute and that a right to indemnification is implied because they

failed to discover Third-party Defendants' negligence.

### 1. Contribution

Third-party Defendants argue that they are not liable for contribution because Third-party

Plaintiffs cannot establish that they are "liable to Plaintiff, since [their] ambiguity, faulty

adjustment and agency arguments are clearly without merit."[1]  (Def. Br., p. 9.)  Third-party

---

[1]Third-party Defendants also argue that Third-party Plaintiffs may not pursue a
contribution claim against them because the Plaintiff is time-barred by the suit limitations period.
However, it is the general rule that "the fact that the statute of limitations has run against the

6

Plaintiffs argue that the contribution claims are valid because they are jointly liable with Third-party Defendants for Plaintiff's injury.

Delaware law "establishes a right of contribution only among 'joint tortfeasors.'"  New Zealand Kiwifruit Mktg. Bd. v. City of Wilmington, 825 F. Supp. 1180, 1186 (D. Del. 1993) (quoting DEL. CODE ANN. tit. 10, § 6302(a).  Indispensable to a joint tortfeasor relationship is a 'common liability' either 'joint' or 'several' that two or more parties have to the person injured.  Without this dual liability . . . no right of contribution can exist."  Id. (quoting ICI America, Inc. v. Martin-Marietta Corp., 368 F. Supp. 1148, 1151 (D. Del. 1974)).

The joint tortfeasor requirement imposes a duty on the party seeking contribution to show that it has joint liability with the additional party; it does not, however, require that the theory of liability for both parties be the same.  In ICI America, the defendant supplier brought a third-party claim for contribution against the third-party defendant general contractor.  368 F. Supp. at 1149-50.  The third-party defendant argued that it was not jointly liable with the third-party plaintiff because its liability arose on a theory of negligence, while the third-party plaintiff's liability arose on a breach of contract theory.  Id. at 1150.  However, the court rejected this argument and held that "[i]t is immaterial that the liability of [the third-party plaintiff] alleged by [the plaintiff] in the complaint rests upon a different theory than that alleged against [the third-party defendant] by [the third-party plaintiff] in its third-party complaint."[2]  Id.  The court relied

_____

original plaintiff's action does not bar a claim for contribution, since that cause of action does not arise until payment."  Sea-Land Service, Inc. v. U.S., 874 F.2d 169, 171 n.1 (3d Cir. 1989) (quoting Kelek X-Ray Corp. v. U.S., 275 F.2d 167, 169 (D.C.Cir. 1960)).  Therefore, Third-party Defendants' argument in this regard must be rejected.

[2]Third-party Defendants make much of the fact that Plaintiff did not assert claims against them in his Complaint.  Specifically, Third-party Defendants state that "Plaintiff did not sue Mt.

on the comments from the Uniform Contribution Among Tortfeasors Act, which states that "[i]n short, it is joint or several <u>liability</u>, rather than joint or concurring <u>negligence</u>, which determines the right of contribution." <u>Id.</u> (quoting <u>Lutz v. Boltz</u>, 100 A.2d 647, 648 (Del. Super. Ct. 1953)) (emphasis in original).

Here, Third-party Plaintiffs allege that Third-party Defendants are liable to Plaintiff for improperly adjusting the claim. Specifically, Third-party Plaintiffs state:

> the amended third party complaint alleges: a package of insurance coverage was sought whereby the primary layer of insurance was to provide $1,000,000 of property insurance, (Third-party Cmpl. ¶ 11); a claim was presented against the policy by the named insured, Paul Boerger (Third-party Cmpl. ¶¶ 19-22); Mt. Hawley improperly failed to pay Boerger the entire amount of the loss, even though the policy at issue had coverage limits of $1,000,000 per occurrence (Third-party Cmpl. ¶ 25); Mt. Hawley's adjustment of plaintiff's (sic) loss was inconsistent with the express language of the policy, including the declaration sheet (Third-party Cmpl. ¶ 26); as a result of Mt. Hawley's improper adjustment of Boerger's claim, Boerger has filed suit against CIS and Panarello alleging negligence in the sale of the aforesaid Mt. Hawley insurance policy, and seeks as damages the difference between the amount of alleged damages incurred and the amount of benefits paid by Mt. Hawley (Third-party Cmpl. ¶ 7); and CIS and Panarello seek contrubution from Mt. Hawley because Mt. Hawley improperly adjusted Boerger's claim for insurance benefits (Third-party Cmpl. ¶ 28).

(Third-party Pl. Opp., p. 15.) If these allegations are taken as true and viewed in the light most favorable to Third-party Plaintiff, as they must be at this stage of the litigation, Third-party Plaintiffs may be able to prove that Third-party Defendants are jointly liable to Plaintiff for his injury. Accordingly, Third-party Defendants' Motion to Dismiss Third-party Plaintiffs' claim for

---

Hawley nor claim common liability between Mt. Hawley and CIS." (Third-party Def. Br., p. 10.) However, based on the language from <u>ICI America</u>, this argument must be rejected.

8

contribution will be denied.[3]

## 2. Indemnification

Third-party Defendants argue that indemnification can only arise in two ways: (1) contractual obligation; and (2) equitable obligation based on some form of negligence.  They argue that here, neither is present.  Third-party Plaintiffs do not challenge that there is no contractual obligation, but claim that Third-party Defendants have an equitable obligation to them based upon negligence.

Delaware law recognizes that "[g]enerally, a right to indemnity arises by contract, although equitable grounds have been recognized."  Ins. Co. of N. Am. v. Waterhouse, 424 A.2d 675, 678 (Del. Super. Ct. 1980).  In Ianire v. Univ. of Delaware, the Superior Court of Delaware stated that an equitable right to indemnification existed, reasoning that:

> The area in which a party held liable for negligence may pass that liability on to another negligent party is closely circumscribed.  It encompasses a group of special situations and relationships where it has seemed reasonable to impose an alternate responsibility on a party seen to have played the active role in the negligence situation in favor of one who is made answerable to the injured party, but whose part in the event is passive or arises from the effect of public policy, contract or status.

255 A.2d 687, 692 (Del. Super. Ct. 1969) (quoting Anderson v. Liberty Fast Freight Co., 135 N.Y.S.2d 559, 560-61 (N.Y. App. Div. 1954)).  The Ianire Court enumerated five factual scenarios that would support a claim for indemnity.  Among these, and the only one argued by Third-party Plaintiffs, is "[w]here the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one

---

[3]Given the Court's disposition on the improper adjustment argument, it is not necessary to reach the ambiguity or agency arguments.

sought to be charged." New Zealand Kiwifruit Mktg. Bd., 825 F.Supp. at 1190-91. (See Third-party Pl. Opp., p. 17.)

In order to state a claim for indemnification for failing to discover another party's negligence, a defendant must prove that it had a duty to discover the third-party's negligence. New Zealand Kiwifruit Mktg. Bd., 825 F.Supp at 1194. In New Zealand Kiwifruit Mktg. Bd., three sub-contractor codefendants sought indemnification from the remaining general contractor codefendant after the plaintiff's shipment of kiwifruit spoiled at the Port of Wilmington ("Port"). Id. at 1183. The general contractor had certain contracts with the sub-contractors to perform various services regarding the refrigeration facilities at the Port. Id. at 1184. In dismissing the sub-contractors' claims for indemnification, the court held that "the subcontractor has no such duty to discover or prevent the general contractor's negligence and therefore [could not] be held vicariously liable for the general contractor's negligence." Id. at 1192. The court reasoned that:

> [t]he duty to "safeguard, monitor, and look after" as well as the "duty to discover or prevent loss" is, in effect, a duty to protect against the negligence of others. As the [general contractor] correctly states, [the subcontractors] "had no duty to the plaintiff to 'safeguard, monitor or look after the kiwifruit' and therefore could not be liable to the plaintiff for the [general contractor's] failure to do so." In other words, the duties of [the subcontractors] are quire specific and while under certain circumstances the [general contractor] might be found liable for "passive" negligence in not discovering [the subcontractors'] failure to adequately perform their duties, [the subcontractors] can only be found liable for their own direct or "active" negligence.

Id. at 1193.

Although the Delaware Supreme Court has not explicitly overruled this factual scenario as one that qualifies a party for indemnification, several federal courts in the District of

10

Delaware, while sitting in diversity, have questioned its validity.  See Harden v. Allstate Ins. Co., 883 F. Supp 963, 975 (D. Del. 1995); see also New Zealand Kiwifruit Mktg. Bd., 825 F. Supp at 1191-92 (noting that the factual scenario was subsequently overruled by the Minnesota Supreme Court, from whom the Ianire Court adopted the five factual scenarios, see Tolbert v. Gerber Indus., Inc., 255 N.W.2d 362 (Minn. 1977)) .  In Harden, the court held that this factual situation is not an appropriate ground for seeking indemnification.  883 F. Supp. at 975.  The court noted the language of the Delaware Supreme Court in affirming Ianire:

> [t]he court below . . . apparently based its decision upon the concept that when two individuals jointly are negligent and the concurrent negligence contribute to the injury of another, one is the primary wrongdoer and the other is the secondary wrongdoer, or that such may be the fact.  In that event, there are decisions holding that the primary wrongdoer has the duty to indemnify the secondary or passive wrongdoer for any recover made against it by the injured party.
>
> We think, however, that such may not be[,] for the reason that to provide for indemnification in terms of primary and secondary, or active and passive wrongdoing is to hold the two parties as joint tortfeasor with the right of contribution running between them.

Id. (quoting Diamond State Tel. Co. v. Univ. of Delaware, 269 A.2d 52, 56 (Del. 1970)).  This language implicitly questions the validity of the factual scenario.  Id.  A district court sitting in diversity must sit in the position of the highest court of the state whose law it is applying and determine how that court would rule.  With this in mind, the Court finds that this factual scenario is not an appropriate ground for establishing indemnification because the Delaware Supreme Court has impliedly rejected it and because several district courts in Delaware have questioned its validity in light of the Tolbert decision.  Accordingly, Third-party Defendants' Motion to Dismiss will be granted and Third-party Plaintiffs' claims for indemnification will be dismissed.

11

**3.  Accord and Satisfaction**

Third-party Defendants argue that they effectuated an accord and satisfaction with Plaintiff that prevents Third-party Plaintiffs from pursuing additional damages under a contribution theory.

An accord and satisfaction requires: (1) that a bona fide dispute existed as to the amount owed that was based on mutual good faith; (2) that the debtor tendered an amount to the creditor with the intent that payment would be in total satisfaction of the debt; and (3) that the creditor agreed to accept the payment in full satisfaction of the debt.  Acierno v. Worthy Bros. Pipeline Corp., 693 A.2d 1066, 1068 (Del. 1997).  Determining the intent of the parties is usually a question for fact.  CitiSteel USA, Inc. v. Connell Ltd., 758 A.2d 928, 931 (Del. 2000) (holding that the question of whether the defendant's payment constituted an accord and satisfaction was properly submitted to the jury).

Here, Third-party Defendants argue that there was a valid accord and satisfaction between them and the Plaintiff.  However, the Third-party Plaintiffs argue that because the written agreement between Third-party Defendants and Plaintiff denoted that the amount was received as a "partial claim," an accord and satisfaction was not reached.  The effect of the "partial claim" denotation and its representation of the intent of the parties is a question for the jury.  Therefore, Third-party Defendants' accord and satisfaction argument is rejected as a valid basis for dismissing Third-party Plaintiffs' Complaint.

## CONCLUSION

Based on the foregoing, Third-party Defendants' motion to dismiss [23] Third-party Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) will be granted in part and denied in

part.  Third-party Defendants' motion with respect to Third-party Plaintiffs' indemnification claim will be granted. Third-party Defendants' motion with respect to Third-party Plaintiffs' contribution claim will be denied.

An appropriate Order will issue this date.


_____          /S/ Joseph H. Rodriguez
                                            JOSEPH H. RODRIGUEZ, U.S.D.J.


Dated: December 8, 2005